**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 10, 2016

LETTER TO COUNSEL

      RE:    *Sheila K. Grimm v. Commissioner, Social Security Administration*;
                Civil No. SAG-15-3403

Dear Counsel:

      On November 6, 2015, Plaintiff Sheila K. Grimm petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Grimm's reply. (ECF Nos. 16, 19, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Grimm filed her claim on March 28, 2012, originally alleging a disability onset date of February 29, 2012. (Tr. 154-61). She subsequently amended her alleged onset date to her fiftieth birthday, March 16, 2013. (Tr. 37). Her claim was denied initially and on reconsideration. (Tr. 57-65, 67-76). A hearing was held on July 29, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 35-56). Following the hearing, the ALJ determined that Ms. Grimm was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-34). The Appeals Council ("AC") denied Ms. Grimm's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Ms. Grimm suffered from the severe impairments of obesity and degenerative disc disease/osteoarthritis. (Tr. 22). Despite these impairments, the ALJ determined that Ms. Grimm retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can constantly push or pull at the light exertional level. She can occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl. However, she can never climb ladders, ropes, or scaffolding[.]

(Tr. 24). After considering the testimony of a vocational expert ("VE"), the ALJ determined alternatively that Ms. Grimm could perform her past relevant work as a cashier II and short order

*Sheila K. Grimm v. Commissioner, Social Security Administration*
Civil No. SAG-15-3403
November 10, 2016
Page 2

clerk, and also could perform other work existing in significant numbers in the national economy. (Tr. 28-29). Therefore, the ALJ concluded that she was not disabled. *Id.*

Ms. Grimm raises two primary arguments on appeal. First, she argues that the ALJ improperly evaluated Listing 1.04. Second, she contends that the ALJ erred in considering her RFC assessment, particularly in the assignments of weight to the various medical sources. I concur that the RFC assessment is inadequate, and that further analysis should be provided as to Listing 1.04. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Grimm is not entitled to benefits is correct or incorrect.

Beginning with the successful argument, I cannot find on this record that the ALJ supported his RFC assessment with substantial evidence. This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ's decision fails to meet the "substantial evidence" standard. Although the relevant period for consideration of disability is between the amended onset date, March 16, 2013, and the date of the ALJ's opinion, September 16, 2014, the ALJ's opinion rests almost exclusively on the evidence predating that period. Although the medical records appear to evidence worsening symptoms in the 2013-2014 time frame, the ALJ relies heavily on records from evaluations in 2011 and 2012, along with opinions from non-examining medical consultants who did not have the benefit of reviewing the more recent records. (Tr. 26-27). As written, then, given the limited relevant window for consideration of disability, the ALJ did not cite substantial evidence within that window to support the assignment of "limited weight" to the opinions of the treating physicians, which were authored during that time frame. *See,* (Tr. 620-21) (Dr. Bukhari assessment from Sept. 12, 2013 suggesting significant sitting and standing restrictions); (Tr. 617-18) (Dr. Pasquarello assessment from August 27, 2013 also suggesting significant sitting and standing restrictions and explaining that an attempt to return to sedentary work had been unsuccessful). In light of the RFC assessment, which suggests an ability to perform light work with few limitations and no sit/stand option, further explanation is necessary to ascertain how the ALJ reached that conclusion in light of the most recent medical evidence in the record.

Additionally, at Step Three, the ALJ determined that Ms. Grimm's impairments did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23). His decision specifically addressed physical Listing 1.04. To meet Listing 1.04, a claimant must have a disorder of the spine, resulting in compromise of a nerve root, with either: A) evidence of nerve root compression; B) spinal arachnoiditis; or C) lumbar spinal stenosis. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04. In his decision, the ALJ stated:

> There is no evidence of nerve root compression accompanied by sensory or reflex loss and positive straight-leg raising test, spinal arachnoiditis resulting in the need for changes in position or posture more than once every 2 hours; or lumbar spinal

*Sheila K. Grimm v. Commissioner, Social Security Administration*
Civil No. SAG-15-3403
November 10, 2016
Page 3

>    stenosis resulting in pseudoclaudication and an inability to ambulate effectively so
>    as to meet any provision of section 1.04.

(Tr. 23).

An ALJ must identify the relevant listings and compare each of the criteria to the evidence of the claimant's symptoms when there is "ample evidence in the record to support a determination" that the claimant's impairments meet or equal a listing. *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986). Remand is not warranted "in circumstances where it is clear from the record which listing or listings ... were considered," and the court can still "readily determine whether there was substantial evidence to support the ALJ's Step Three conclusion." Id.; *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 522 (D. Md. 2002). In the instant case, the record implicated Listing 1.04; accordingly, the ALJ expressly identified that listing. (Tr. 23). Initially, it is clear from the opinion that the ALJ believed there to be ample evidence to identify and discuss each subsection of Listing 1.04, including Listing 1.04A. Thus, I disagree with Ms. Grimm's assertion that the ALJ erroneously added additional criteria to the requirements of 1.04A by discussing the requirements of the other two subsections.

However, the ALJ's analysis is otherwise deficient.  In this case, the ALJ did not cite any medical evidence to support his Step Three conclusions, and simply made conclusory assertions regarding the absence of evidence to support the criteria.  That deficiency might not be fatal, if the ALJ had cited to substantial evidence to support his conclusion elsewhere within the opinion. Here, however, the ALJ's overall analysis falls short.  The ALJ inaccurately asserts that Ms. Grimm had no positive straight leg raising tests, when in fact she did.  (Tr. 681). The ALJ also asserts that there is no evidence of nerve root compression, sensory, or reflex loss.  The evidence is somewhat equivocal on those points, and in the absence of any specific discussion of the facts by the ALJ, I am unable to review whether the ALJ's conclusions were supported by substantial evidence.  Although those deficiencies might not warrant remand standing alone, because the case is being remanded on other grounds, the ALJ should, on remand, expand his Listing analysis to cite specific medical evidence pertaining to each subsection of Listing 1.04 the ALJ deems relevant.  In particular, where there is evidence that could be used to support one of the relevant criteria, such as a positive straight leg raising test, the ALJ should explain his evaluation of that evidence in connection with his Listing conclusions.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Sheila K. Grimm v. Commissioner, Social Security Administration*
Civil No. SAG-15-3403
November 10, 2016
Page 4

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge